JUDGE SWAIN

08 CV 03461

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:   (212) 317-1200
Facsimile:   (212) 317-1620
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ROBERTO ESPINO BARROS and
FRANCISCO GASPAR, *individually and on
behalf of others similarly situated*,

                           *Plaintiffs*,

       -against-

WAN CHI CORP. (d/b/a as CHARLIE MOM
CHINESE CUISINE and CHARLIE MOM
RESTAURANT), and WAYNE HON,

                          *Defendants.*
-----------------------------------------------------------X

COMPLAINT

COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)

ECF Case

RECEIVED
APR 09 2008
U.S.D.C. S.D N.Y.
CASHIERS

Plaintiffs Roberto Espino Barros and Francisco Gaspar, individually and on behalf of others similarly situated (collectively the "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., allege upon their knowledge and belief, and as against Defendants Wan Chi Corp. (d/b/a as Charlie Mom Chinese Cuisine and Charlie Mom Restaurant), and Wayne Hon (collectively the "Defendants"), as follows:

## NATURE OF THE ACTION

1. Plaintiffs are current and former employees of Defendant Chinese restaurant and Wayne Hon, who owns and operates under the names of Charlie Mom Chinese Cuisine and Charlie Mom Restaurant.

2. Defendant Wan Chi Corp., by and through its owner, operates the Chinese restaurant located at 464 6th Avenue, New York, NY 10011, in New York, New York under the names Charlie Mom Chinese Cuisine and Charlie Mom Restaurant.

3. Defendant Wan Chi Corp. is owned and operated by individual Defendant Wayne Hon, as Wan Chi Corp.'s Chairman and/or Chief Executive Officer.

4. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring the Plaintiffs to work in excess of forty (40) hours per week without paying them the minimum wage and overtime compensation required by federal and state laws.

5. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 *et seq.*, and liquidated damages, interest, attorneys' fees, and costs, and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order").

6. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), and supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district. Defendant Corporations reside in this district and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiff Roberto Espino Barros*

9. Plaintiff Roberto Espino Barros ("Plaintiff Espino Barros" or "Mr. Espino Barros") is an adult individual residing in New York County, New York.

10. Plaintiff Espino Barros was employed by the Defendants from February 28, 1998 through August 16, 2007. His duties included preparing the meat and poultry for the dishes, cleaning the meat and poultry of any fat, skin or bones, cutting the meat and poultry for use by the chef, and cleaning the work station and the surrounding area.

11. Mr. Espino Barros' work duties required neither discretion nor independent judgment.

12. From February 28, 1998 until August 16, 2007, Plaintiff Espino Barros regularly worked in excess of 63 hours per week.

13. From February 28, 1998 until August 16, 2007, Plaintiff Espino Barros worked a shift from 1:00 p.m. until 11:00 p.m. on Sundays, Mondays, Tuesdays, and Thursdays; and from 1:00 p.m. until 12:30 a.m. on Fridays and Saturdays.

14. During his period of employment with the Defendants, Mr. Espino Barros was paid in cash.

15. During his period of employment with the Defendants, Mr. Espino Barros was initially paid a flat bi-weekly amount of $500.00 every two weeks from 1998 to 1999, regardless of hours actually worked. This bi-weekly cash amount was increased to $600.00 every two weeks beginning in 2000; to $650.00 in 2003, and finally to $750.00 in 2004, where it remained until his termination of employment on or about August 16, 2007.

*Plaintiff Francisco Gaspar*

16. Plaintiff Francisco Gaspar ("Plaintiff Gaspar" or "Mr. Gaspar") is an adult individual residing in New York County, New York.

17. Plaintiff Gaspar was employed by the Defendants from approximately 1996 through August 17, 2007. His duties included cutting and preparing the vegetables for dishes, and cooking rice.

18. Mr. Gaspar's work duties required neither discretion nor independent judgment.

19. From 1996 until August 17, 2007, Plaintiff Gaspar worked a shift from 1:00 p.m. until 11:00 p.m. from Monday through Thursday, and 1:00 p.m. until 12:30 a.m. on Friday and Saturday.

20. During his period of employment with the Defendants, Mr. Gaspar was paid in cash.

21. During his period of employment with the Defendants, Mr. Gaspar was paid a flat amount of $650.00 every two weeks, regardless of actual hours worked.

*Defendants*

22. Defendant Wan Chi Corp. ("Wan Chi" of "defendant corporation") is a corporation organized and existing under the laws of the State of New York. Wan Chi owns and operates a Chinese restaurant located at 464 Sixth Avenue, New York, New York 10011 under the names Charlie Mom Chinese Cuisine and Charlie Mom Restaurant at all times relevant to this action. It maintains its principle place of business at 464 Sixth Avenue, New York, New York 10011.

23. Defendant Wayne Hon ("Defendant Hon") is an individual engaged in business in this judicial district. Defendant Hon is sued individually in his capacity as an owner, officer and/or agent of defendant corporation. Defendant Hon possesses operational control over Wan Chi, possess an ownership interest in Wan Chi, controls significant functions of Wan Chi, determines the wages and compensation of the employees, establish the schedules of the employees, maintains employee records, and has the authority to hire and fire employees. Upon information and belief, Defendant Hon resides at 47-37 Parsons Boulevard, Flushing, New York 11355.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24. Wan Chi is a corporation owned, controlled, and operated by Defendant Hon.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. In each year from 1996 to the present, the Defendants had gross annual sales of not less than $500,000.

27. At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

28. Upon information and belief, Defendant Wayne Hon (1) operate Wan Chi as either an alter ego of himself, and/or (2) fails to operate Wan Chi as an entity legally separate and apart from himself, by, amongst other things, (a) failing to adhere to the corporate formalities necessary to operate Wan Chi as a corporation, (b) defectively forming or maintaining the corporate entity of Wan Chi, by amongst other things, failing to hold annual meetings or maintaining appropriate corporate records, (c) transferring assets and debts freely as between himself and Wan Chi, (d) operating Wan Chi for his own benefit as the sole or a majority shareholder, (e) operating Wan Chi for his own benefit and maintaining control over it as a closed corporation, (f) intermingling assets and debts of his own with Wan Chi, (g) diminishing and/or transferring assets in favor of bankruptcy of the Wan Chi entity to avoid full liability as necessary to protect his own interests, and (h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

*General Employment Practices*

29. Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation.

30. Plaintiffs were paid at or below the minimum wage. As detailed below, Defendants' pay practices resulted in Plaintiffs not receiving payment of all of their hours, so their effective rate of pay was reduced below the minimum wage.

31. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by neglecting to maintain accurate and complete timesheets and payroll records.

32. For example, Defendants usually paid Plaintiffs entirely in cash.

33. Upon information and belief, this was done so to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

34. Defendants did not pay Plaintiffs for their full time worked, and/or at the minimum wage required, nor did they pay additional overtime at a rate of time-and-a-half pay over their regular rate of pay (as properly calculated under the FLSA and NYLL), or their Spread of Hours pay.

35. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION CLAIMS

36.  Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of the supermarket/butcher shop (the "FLSA Class").

37.  At all relevant times, Plaintiffs and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA. The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

38.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

39.  At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

40.  At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

41. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, and/or as defined in the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

42. Defendants intentionally, or otherwise in violation of the FLSA, failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

43. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

44. Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

45. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

46. Defendants intentionally, or otherwise in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

47. Defendants' failure to pay Plaintiffs and the putative FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

48. Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

49. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

50. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire

Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

51. Defendants knowingly, or otherwise in violation of the NYLL and associated rules and regulations, paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

52. Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

53. Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

54. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

55. Defendants willfully, or otherwise in violation of the NYLL and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

56. Defendants failed to pay Plaintiffs and the putative New York Class members in a timely fashion, as required by Article 6 of the New York Labor Law.

57. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

58. Plaintiffs have been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

59. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

60. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs and the putative New York Class members' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 and 137-3.11.

61. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

62. Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions and orders of the FLSA and NYLL as to Plaintiffs (including the prospective collective class members);

(c) Declaring that Defendants have violated the overtime wage provisions and orders of the FLSA and NYLL as to Plaintiffs (including the prospective collective class members);

(d) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs (including the prospective collective class

members);

    (e)    Declaring that the Defendants have violated the recordkeeping requirements of the FLSA and NYLL with respect to Plaintiffs' compensation, hours and wages (including the prospective collective class members);

    (f)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

    (g)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs (including the prospective collective class members);

    (h)    Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, as well as spread of hours pay under the FLSA and NYLL as applicable;

    (i)    Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to minimum and overtime wage orders, as well as the spread of hours pay pursuant to 29 U.S.C. § 216(b) as applicable;

    (j)    Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

    (k)    Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

    (l)    Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorney's fees; and

- 13 -

(m)  All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       April 8, 2008

                              MICHAEL FAILLACE & ASSOCIATES, P.C.

                        By:  _____
                                 Michael Faillace [MF-8436]

                                 110 East 59th Street, 32nd Floor
                                 New York, New York 10022
                                 Telephone:  (212) 317-1200
                                 Facsimile:  (212) 317-1620
                                 *Attorneys for Plaintiffs*