UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Espino Barros and Francisco Gasper
                         Plaintiff(s),
           -against-

Wan Chi Corp. d/b/a Charlie Mom Chinese
Cuisine and Charlie Mom Restaurant;
Wayne Hon,
                         Defendant(s).

No. 08 Civ. 3461 (LTS)(FM)
INITIAL CONFERENCE ORDER



LAURA TAYLOR SWAIN, DISTRICT JUDGE:

1.      It is hereby ORDERED that a pre-trial conference shall be held in the above-captioned matter on **July 18, 2008 at 3:00 p.m.** in Courtroom No. I7C[1], Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007. It is further

2.      ORDERED that counsel[2] for plaintiff(s) shall serve a copy of this Initial Conference Order on each defendant within ten (10) calendar days following the date of this order, and that a copy of this Initial Conference Order shall also be served with any subsequent process that brings in additional parties, and that proof of such service shall be filed with the Court promptly. It is further

3.      ORDERED that counsel for the parties confer preliminarily at least twenty-one (21) days prior to the date set forth in paragraph 1 above to discuss the following matters:

      a.      Facts that are not disputed and facts that are in dispute.
      b.      Contested and uncontested legal issues.
      c.      The disclosures required by Fed. R. Civ. P. 26(a)(1).
      d.      Anticipated amendments to the pleadings, and an appropriate deadline therefor.
      e.      Settlement.
      f.      Whether mediation might facilitate resolution of the case.
      g.      Whether the case is to be tried to a jury.
      h.      Whether each party consents to trial of the case by a magistrate judge.
      i.      Anticipated discovery, including discovery of electronically stored information and procedures relevant thereto, and an appropriate deadline for the conclusion of discovery.
      j.      Whether expert witness evidence will be required, and appropriate deadlines for expert

---

[1]      On the day of the conference, check the electronic board in the lobby to be certain of the proper courtroom.

[2]      As used in this Order, the term "counsel" shall, in the case of an individual party who is proceeding Pro-se, mean such party.

witness discovery.

k.   Whether dispositive motions may be appropriate, and a deadline for such motions.

l.   Evidence to be presented at trial and the length of time expected to be required for the presentation of evidence at trial.

It is further

4.   ORDERED that counsel for all parties shall confer and shall prepare, execute and file with the Court, with one courtesy copy provided to chambers of the undersigned, no later than seven (7) calendar days before the date set forth in paragraph 1 above a single document captioned PRELIMINARY PRE-TRIAL STATEMENT, which shall be signed by all counsel, which shall set forth the following information, and which shall constitute the written report required by Fed. R. Civ. P. 26(f):

a.   A concise statement of the nature of this action.

b.   A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.

c.   A concise statement of all material uncontested or admitted facts.

d.   A concise statement of all uncontested legal issues.

e.   A concise statement of all legal issues to be decided by the Court.

f.   Each party's concise statement of material disputed facts.

g.   A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.

h.   Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.

i.   A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.

j.   Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefor.

k.   A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).

l.   What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.

m.   The subjects on which disclosure may be needed and a proposed discovery cut-off date.

n.   Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.

o.   What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.

p.   The status of settlement discussions and the prospects for settlement of the action in

whole or in part, <u>provided</u> that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.

q.   A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.

r.   Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

It is further

5.   ORDERED that counsel shall be prepared to discuss the foregoing at the pre-trial conference, as well as whether a reference to the Magistrate Judge or to mediation may be helpful in resolving this case, and anticipated dispositive motions and a deadline therefor.  It is further

6.   ORDERED that counsel attending the pre-trial conference shall seek settlement authority from their respective clients prior to such conference.  "Settlement authority," as used herein, includes the power to enter into stipulations and make admissions regarding all matters that the participants may reasonably anticipate discussing at the pre-trial conference including, but not limited to, the matters enumerated in the preceding paragraphs.

7.   In the event that any party fails to comply with this Order, the Court may impose sanctions or take other action as appropriate.  Such sanctions and action may include assessing costs and attorneys' fees, precluding evidence or defenses, dismissing the action, and/or the imposition of other appropriate penalties.

8.   This case has been designated an electronic case.  Counsel for all parties are required to register as filing users in accordance with the Procedures for Electronic Case Filing promptly upon appearing in the case.

IT IS SO ORDERED.

Dated: New York, New York
       April 15, 2008

LAURA TAYLOR SWAIN
United States District Judge